UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PAVLYIK, | Civil Action No. 19-17691 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| PATRICK NOGAN, et al., | |
| Respondents. | |

WILLIAMS, DISTRICT JUDGE

Petitioner Michael Pavlyik ("Petitioner") is a state prisoner confined at East Jersey State Prison, in Rahway, New Jersey. He is proceeding *pro se* with the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Court has reviewed the relevant records and the parties' submissions. As explained more fully below, the Court finds that the Petition is mixed—i.e., it contains both exhausted and unexhausted claims. Because the Court may not adjudicate such a petition, the Court will permit Petitioner to elect between (i) withdrawing his unexhausted claims and having the Court rule on his remaining claims; or (ii) requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claim.

## I. BACKGROUND

The Court recounts only the facts necessary to assess whether Petitioner has fully exhausted the grounds for habeas relief alleged in the Petition. The New Jersey Superior Court, Appellate Division provided the following factual summary in its March 26, 2014 opinion:

> A jury found [Petitioner] [] guilty of eight crimes involving sexual abuse of his stepdaughter, A.A., and one weapons offense. The abusive conduct commenced in February 2004, when A.A. was

> eight years old, and continued until February 2007. It occurred in New Jersey on the weekends and during the summer weeks while A.A., who lived with her father in Maryland, was in the care of her mother and stepfather in their New Jersey home. Ordinarily, three other younger children were staying in the home when A.A. visited—one is defendant's child and two are A.A.'s half-siblings.
>
> . . .
>
> A.A., who was fifteen years old when the case was tried in 2011, testified that [Petitioner] started sexually abusing her in 2004, when she was eight years old and continued until 2007, when she was eleven years old. A.A. acknowledged enjoying her time in New Jersey with her family and, for a time, wanting to live there rather than in Maryland. Nevertheless, A.A. testified about what [Petitioner] did to her and caused her to do to him while she was with him.
>
> A.A. described a variety of sexual acts to which defendant subjected her to over the three-year period: penile penetration of her vagina on one occasion; touching of her breasts; causing her to touch his penis; cunnilingus; and causing her to engage in fellatio.

(ECF No. 22-6, *State v. M.P.*, No. A-2498-11T3 at 1-2 (N.J. Super. Ct. App. Div. March 26, 2014).)

The Gloucester County Grand Jury returned Indictment No. 07-12-01225-I, charging Petitioner with endangering the welfare of a child, N.J.S.A. § 2C:24-4a (count one); aggravated sexual assault, N.J.S.A. § 2C:14-2a(1) (counts two, three, four); sexual assault, N.J.S.A. § 2C:14-2b (counts five, six, seven); showing obscene material to a minor, N.J.S.A § 2C:34-3b(2) (count eight); and possession of a destructive device, N.J.S.A. § 2C:39-3a (count nine). (ECF No. 22-2.)

On April 1, 2011, following a jury trial presided over by the Honorable Walter L. Marshall, J.S.C., Petitioner was convicted on all counts. (*See* ECF Nos. 22-38.) On July 1, 2011, Petitioner was sentenced to a total term of thirty-three years imprisonment, subject to the No Early Release Act ("NERA"). (*See* ECF No. 22-39.)

2

Petitioner filed a Notice of Appeal with the Appellate Division. (ECF No. 22-4.) Counsel filed a brief on direct appeal in which Petitioner argued:

> (1) THE TRIAL COURT VIOLATED [PETITIONER'S] CONSTITUTIONAL RIGHT TO PRESENT EVIDENCE IN HIS DEFENSE AS WELL AS HIS CONFRONTATION CLAUSE RIGHTS BY EXCLUDING EVIDENCE REGARDING THE SEXUAL RELATIONSHIPS BETWEEN C.D. AND VICTIM.
>
> (2) THE ADMISSION OF MISLEADING TESTIMONY THAT HASSLER INTERROGATED VICTIM EMPLOYING THE RATAC PROTOCOL DENIED [PETITIONER] HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE CONSTITUTION.
>
> (3) THE TRIAL COURT VIOLATED [PETITIONER'S] CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AS ENUNCIATED IN *STATE v. MICHAELS* AND N.J.R.E. 803(C)(27).
>
> (4) ADMISSION OF THE EROTIC VIDEOS/PHOTOGRAPHS VIOLATED NEW JERSEY RULE OF EVIDENCE 403 AND THEREBY DENIED [PETITIONER] BOTH DUE PROCESS OF LAW AND A FAIR TRIAL.
>
> (5) THE TRIAL COURT ERRED UNDER *STATE v. SANDS* BY RULING THAT [PETITIONER'S] 1997 CONVICTION COULD BE INTRODUCED BY THE STATE TO IMPEACH HIS CREDIBILITY DENYING DEFENDANT BOTH DUE PROCESS OF LAW AND A FAIR TRIAL.
>
> (6) THE TRIAL COURT ERRED UNDER RULE 3:15-2(B) BY JOINING THE CHARGE PURSUANT TO N.J.S.A. 2C:39-3(A), POSSESSION OF A DESTRUCTIVE DEVICE, WITH THE ALLEGED SEXUAL OFFENSES THEREBY DENYING [PETITIONER] BOTH DUEPROCESS AND A FAIR TRIAL.
>
> (7) THE NEED FOR INSTRUCTION AS TO LESSER-INCLUDED OFFENSES TO POSSESSION OF A DESTRUCTIVE DEVICE, IN VIOLATION OF N.J.S.A. 2C:39-3(A), WAS CLEARLY INDICATED BY THE RECORD.
>
> (8) THE TRIAL WAS SO INFECTED WITH ERROR THAT EVEN IF EACH INDIVIDUAL ERROR DOES NOT REQUIRE REVERSAL, THE AGGREGATE OF THE ERRORS DENIED [PETITIONER] A FAIR TRIAL.

> (9) THE SENTENCE IS MANIFESTLY EXCESSIVE BECAUSE, AFTER EXPIRATION OF HIS PRISON TERM, [PETITIONER] WILL BE CLOSESLY MONITORED FOR THE REST OF HIS LIFE AND WILL BE A LOW RISK TO RE-OFFEND.

(ECF No. 22-5 at 3-6.) The Appellate Division noted in its opinion that Petitioner filed a *pro se* brief raising the following claims:

> (1) TRIAL COUNSEL ERRED IN FAILING TO ALLOW PSYCHOLOGIST C.T. TO TESTIFY ON BEHALF OF THE DEFENSE.
>
> (2) THE TRIAL COURT ERRED IN ALLOWING THE INTRODUCTION OF OTHER CRIME EVIDENCE SO SANITIZED THAT ALL RELEVANCE WAS WASHED FROM IT, IMPERMISSIBLY PREJUDICING [PETITIONER].
>
> (3) TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING VIDEOTAPED STATEMENT TO BE REPLAYED IN COURTROOM WITHOUT THE CONTEXT OF CROSS-EXAMINATION PLUS ALLOWED THE CHARGES AGAINST THE [PETITIONER] TO BE ENTERED MULTIPLE TIMES VIA ORAL AND DIGITAL MEDIUM, THEREBY OVERLY PREJUDICING [PETITIONER]IN JURY'S EYES.
>
> (4) TRIAL COURT ERRED BY NOT CHARGING THE LESSER-INCLUDED OFFENSE OF SEXUAL ASSAULT WHICH, WHEN PENETRATION IS NOT PROVEN, IS THE NEXT STEP DOWN THE CRIMINAL LADDER. THE JURY WAS ONLY GIVEN THE OPPORTUNITY TO FIND THE [PETITIONER] GUILTY OF EITHER A FIRST DEGREE CRIME OR NOTHING. AS THERE WAS NO SEMEN, NO WITNESSES, NO CORROBORATING EVIDENCE OF ANY SORT, COMBINED WITH THE AMBIGUITY PRESENT IN THE STATE'S MEDICAL EXPERT'S TESTIMONY AND THE FACT THAT THE SOLE IOTA OF PROOF THAT CUNNILINGUS OR FELLATIO EVEN OCCURRED IS THE VICTIM SAYING IT DID, THE JURY IS LEFT WITH ROOM FOR DOUBT AS TO WHETHER PENETRATION EVER OCCURRED.
>
> (5) TRIAL COURT ERRED IN ALLOWING VICTIM TO TESTIFY THAT [PETITIONER] WAS DRUNK ALL THE TIME.
>
> (6) TRIAL COURT ERRED IN ALLOWING EXTRANEOUS MARITAL AIDS TO BE DISPLAYED – AIDS THAT WERE

NOT MENTIONED AS BEING INVOLVED IN ANY OF THE CHARGES GAINST [PETITIONER]. THIS ALLOWANCE CREATED AN UNFAIR PREJUDICE AGAINST THE [PETITIONER], DENYING HIM OF HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL.

(7) [PETITIONER] WAS CHARGED AND CONVICTED OF VIOLATING 2C:39-3A (WEAPONS POSSESION – DESTRUCTIVE DEVICE (5" TUBE OF BLACK POWDER)

A. BECAUSE THE STATE AMENDED THE INDICTMENT TO READ "A 5" TUBE OF BLACK POWDER," THE CHARGE OF VIOLATING N.J.S.A. 2C:39-3(A) IS IMPROPER AS, WITHOUT MORE PROOF, THE DEVICE MET THE STATUTORY REQUIREMENTS OF A FIREWORK AND NOT A DESTRUCTIVE DEVICE. SEE N.J.S.A. 21:2-2. IN FACT, THE DEVICE DID NOT EVEN MEET THE STATUTORY DEFINITION OF A 'DANGEROUS FIREWORK' AS IT DID NOT EXCEED 5".

B. THE BURDEN OF PROVING THE DEVICE WAS NOT AN EXPLOSIVE DEVICE WAS IMPROPERLY SHIFTED TO [PETITIONER] IN THIS CASE.

C. THE STATE'S WITNESS NEVER PROVED THE BLACK POWDER WAS ACTUALLY EXPLOSIVE.

(8) THE PROSECUTOR'S EXPLICIT DESCRIPTION OF EVENTS DURING HER SUMMATION CONSTITUTED IMPERMISSIBLE APPEAL TO THE JUROR'S EMOTIONS.

(9) THE PROSECUTOR'S MISLEADING COMMENTS AND MISREPRESENTATIONS OF FACTS IN HER SUMMATION DENIED [PETITIONER] OF HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL.

(10) TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING STATE'S WITNESS ALEXANDER PERRY TO INJECT HEARSAY TESTIMONY PURPORTEDLY FROM THE LAB TECHNICIAN WITHOUT HAVING SAID TECHNICIAN PRESENT AND AVAILABLE FOR CROSS EXAMINATION.

(11) ERRORS AND OMISSIONS BY COUNSEL WERE SO DEFICIENT AND EGREGIOUS THAT PREJUDICE TO THE [PETITIONER]MUST BE PRESUMED.

> (12) CONSIDERATION OF ISSUES RAISED FOR THE FIRST TIME ON APPEAL IS WARRANTED TO ADDRESS ERROR OF CONSTITUTIONAL DIMENSION AFFECTING DEFENDANT'S RIGHT TO A FAIR TRIAL.

(ECF No. 22-6, *M.P.*, No. A-2498-11T3 at 5-6.) On March 26, 2014, the Appellate Division affirmed Petitioner's convictions. (ECF No. 22-6, M.P., No. A-2498-11T3.) On September 22, 2014, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 22-7.)

> Petitioner filed a *pro se* post-conviction relief ("PCR") petition arguing:

>> (1) Trial counsel was deficient for failing to properly raise a legally competent objection to the introduction of the highly suspect testimony of C.D., who herself was a target of an investigation involving sexual assaults against Anastasia, and then A.A., the accuser in the present case by the Maryland authorities.

>> (2) Trial counsel was deficient for failing to raise a legally competent objection to the suppression of the Maryland counselor Jean Willemain's testimony, where the alleged victim A.A. flatly denied that anyone had touched her private parts in a confidential report which was an egregious violation of the confrontation clause. Trial counsel failed to properly request cross-examination of Jean Willemain which had the capacity to impact the verdict.

>> (3) Trial counsel was deficient for failing to raise a legally competent objection to the introduction of one erotic video for the jury and by failing to raise a legally competent objection to the introduction of testimony of LaPorta about three still "images that appeared to be self-exploited."

>> (4) Trial counsel was deficient for failing to raise any objection to the introduction of Hassler's testimony violated *State v. McLean*, 205 N.J. 438, 461-62 (2011) and N.J.R.E. 701 as her lay opinion "crossed" over into the realm of expert testimony. Hassler was a fact witness, never qualified or offered as an expert witness.

>> (5) Trial counsel was deficient for failing to raise a legally competent objection to the introduction of Perry's testimony which similarly violated *McLean* [] and N.J.R.E. 701. Perry was never offered nor qualified as an expert witness. However, he opined that it was a destructive device. He also detailed that the device appeared

6

> to be handmade. Either these facts were within the ken of the average juror or Perry improperly testified as an expert.
>
> (6) Trial counsel was deficient for failing to raise a legally competent objection to the introduction of Ballenger's testimony that the bag opened in court "contained most of the items that were discovered," violated *State v. Branch*, 182 N.J. 338, 348 (2005). This testimony that the jury was only being presented with "most" of the items recovered from the bag likely led the jury to speculate that Ballenger had superior knowledge implicating [Petitioner] in the crime.
>
> (7) Trial counsel was deficient for failing to properly raise [an] objection to the introduction to highly prejudicial inflammatory testimony of Ballenger because there was no evidential nexus between the firecracker and the other items. The discovery of a cardboard tube containing black powder and a fuse in a collection of dildos, vibrators, and other "erotica," is not per se evidence of an intent to destroy.
>
> (8) Trial counsel was deficient for failing to properly raise objection to the introduction of M.P.'s solitary 14-year-old conviction for endangering, when the trial court did not offer any reason for its approval of the state's use of such a dated offense [of] a crime which had insignificant value for impeachment purposes.
>
> (9) Trial counsel was deficient for failing to investigate and summon potential witnesses such as Tracy Freeman, the stepmother of the victim, about her report to the police that the victim recanted her accusations, Regina Howard, therapist, and others.
>
> (10) Trial counsel was deficient for failing to object or offer a rebuttal to the prosecutor's false insinuation during closing argument that the physical evidence submitted to the New Jersey State Crime Lab would match the victim. When in fact, the results from the items submitted to the New Jersey State Police laboratory for DNA analysis excluded A.A. as the source of the DNA.

(ECF No. 22-8 at 11-16.) On October 28, 2014, Petitioner filed a *pro se* supplemental PCR petition which listed ninety statements and claims. (ECF No. 22-10.) Of those ninety claims, the following potentially pertain to issues raised in the instant habeas petition:

> (1) Ineffective assistance of counsel for failing to hire an explosives expert to counter the state.

7

> (2) Ineffective assistance of counsel for failing to hire a medical expert to counter the state.
>
> (3) Ineffective assistance of counsel for failing to hire a suggestibility expert to counter the state's interview techniques and approach.
>
> (4) Ineffective assistance of counsel for failing to present witnesses who would have, through their testimony, raised reasonable doubt, even though witnesses properly subpoenaed.
>
> (5) Ineffective assistance of counsel for failing to call the victim's father, Robert Dale Andrews, as a witness to support defense's main theory of animosity.
>
> (6) Ineffective assistance of counsel for failing to get witnesses to appear in court. Witness Tina Raspe was "not found" for purposes of testifying, even though she was found previously and served with a subpoena.
>
> (7) Ineffective assistance of counsel for failing to subpoena Jean Willemain, social worker and lead investigator.

(*Id.*)

On October 10, 2015, counsel filed a supplemental PCR petition. (ECF No. 22-11.) Petitioner argued that trial counsel was ineffective for failing to adequately challenge the state's evidence pertaining to the explosive device charge and request lesser-included offenses. Regarding that claim, Petitioner claimed trial counsel failed to object to hearsay testimony regarding lab results of the alleged explosive device and failed to object to the verdict sheet. (*Id.* at 16-19.) Petitioner alleged ineffective assistance of counsel due to the failure of counsel to adequately prepare for trial. (*Id.* at 19-23.) Regarding this claim, Petitioner argued that trial counsel failed to investigate the Division of Youth and Family Services investigation into allegations that A.A. was sexually abused by M.P., in which the Division found the allegations were unfounded. (*Id.* at 22.)

On September 13, 2016, the PCR court denied Petitioner's PCR petition. (ECF No. 22-13.) The PCR court addressed Petitioner's claims that trial counsel was ineffective for failing to

8

challenge the state's evidence pertaining to the explosive device charge, request a lesser-included offense, and object to the jury verdict sheet. (*Id.* at 8-12.) The PCR court also addressed Petitioner's claim that trial counsel was not properly prepared for trial. The PCR court noted that Petitioner argued that trial counsel was not able to meet with a "Division of Child Protection and Permanency [] (formerly the Division of Youth and Family Services or DYFS) worker prior to trial." (*Id.* at 12.) The PCR court addressed Petitioner's *pro se* claims. (*Id.* at 13-16.)

On December 21, 2016, Petitioner filed a Notice of Appeal before the Superior Court, Appellate Division. (ECF No. 22-14.) On November 30, 2017, Petitioner filed a *pro se* PCR appeal brief, arguing:

> (1) Trial counsel was ineffective for failing to introduce or investigate prior inconsistent statements by A.A.
>
> (2) Trial counsel was ineffective for failing to object, cross examine, or investigate whether Dr. Lane was qualified to testify to an expert opinion on ruling out causes of injuries to a hymen, denying Petitioner's right to present a defense.
>
> (3) Trial counsel was ineffective for failing to object to an expert opinion circumstantially proving an element of an offense as lacking foundation, relevance, based on speculation, or as unreliable and inconsistent with other expert opinions. Trial counsel failed to investigate Dr. Lane's opinion on the cause of the injury to A.A. and denied Petitioner an opportunity to introduce expert evidence showing the injury was commonly caused by tampons.
>
> (4) Trial counsel was ineffective for failing to introduce exculpatory evidence from the victim's statements, from Petitioner's work records and email, and from dropped allegations from the victim's father.
>
> (5) Trial counsel was ineffective for failing to object to or investigate a highly prejudicial and inflammatory pornographic video shown to the jury as inadmissible for lack of foundation, and irrelevant as the video was not downloaded onto Petitioner's computer until after the time the victim alleged seeing a video.

9

> (6) Trial counsel was ineffective for failing to challenge an objectively false, scientifically disproved, inflammatory statement that there was proof by DNA evidence, corroborating testimony by A.A. that a purple sex toy had been used against A.A. orally by Petitioner.
>
> (7) Trial counsel was ineffective for failing to challenge prosecutorial misconduct from intentionally false, materially misleading, and unduly prejudicial testimony that A.A. was not sexually active with men or with woman and failed to cross-examine A.A. about the nature of her sexual relationship with C.D.
>
> (8) Trial counsel was ineffective for failing to object to Detective Perry's inadmissible hearsay testimony on a report he did not write.
>
> (9) Trial counsel was ineffective for failing to challenge the lack of support for Count Nine, Third Degree Possession of a Destructive Device, N.J.S.A. § 2C:39-3(a), as the item possessed was less than five inches and so did not meet the definition of a destructive device; and
>
> (10) Trial counsel was ineffective for failing to object to, investigate, or cross-examine C.D.'s fresh complaint testimony.

(ECF No. 22-15.) PCR counsel submitted a supplemental appellate brief, arguing the trial court erred in denying Petitioner's PCR petition without affording him an evidentiary hearing to fully address his contention that he failed to receive adequate legal representations. (*See* ECF No. 22-16.) Counsel argued the PCR court should have held an evidentiary hearing on Petitioner's contentions that trial counsel failed to adequately prepare for trial, failed to call DYFS witness Mildred Quiles to testify to the investigation into allegations against Petitioner that DYFS determined were unfounded, and failing to adequately challenge the admissibility of the victim's statement. (*Id.*)

On May 31, 2018, the Appellate Division affirmed the denial of Petitioner's PCR petition. (ECF No. 22-17, *State v. M.P.*, No. A-1593-16T2 (N.J. Super. Ct. App. Div. May 31, 2018).) On December 6, 2018, The New Jersey Supreme Court denied Petitioner's petition for certification. *State v. M.P.*, 236 N.J. 116, 198 A.3d 293 (Table) (2018).

10

On September 11, 2019, Petitioner filed his instant habeas petition and supporting brief with this Court. (ECF Nos. 1, 1-2.) Petitioner asserts the following grounds for relief:

> 1. A denial of effective assistance of counsel occurred because of a dispute regarding compensation contrary to the Sixth and Fourteenth Amendments.
>
> 2. Ineffective assistance of trial counsel for failing to investigate factual witnesses.
>
>> a. Trial counsel failed to investigate Robert Andrews.
>> b. Trial counsel failed to investigate Jerilyn Carlson.
>> c. Trial counsel failed to investigate Tina Raspe.
>> d. Trial counsel failed to investigate Linda Heilman.
>> e. Trial counsel failed to investigate Brian Butts.
>> f. Trial counsel failed to investigate Cheryl Taylor.
>> g. Trial counsel failed to investigate Regina Howard.
>> h. Trial counsel failed to investigate Jean Willemain.
>> i. Trial counsel failed to investigate Monica Hart.
>> j. Trial counsel failed to investigate Carole Hampton.
>> k. Trial counsel failed to investigate Crimson Barroca.
>> l. Trial counsel failed to investigate Debi Borcht.
>> m. Trial counsel failed to investigate Mildred Quiles.
>> n. Trial counsel failed to investigate Crystal Jackson.
>> o. Trial counsel failed to investigate Karen Knauer.
>
> 3. Ineffective assistance of trial counsel for failing to investigate potential expert witnesses.
>
>> a. Trial counsel failed to investigate potential psychological experts.
>> b. Trial counsel failed to investigate potential medical experts.
>> c. Trial counsel failed to investigate potential explosive experts.
>> d. Trial counsel failed to investigate potential computer experts.
>> e. Trial counsel failed to investigate potential amylase experts.
>
> 4. Ineffective assistance of trial counsel for failing to investigate legal theories applicable to the defense.

11

> a. Trial counsel failed to conduct adequate legal research which could have been resorted to for the exclusion of the fresh complaint evidence of C.D. admitted as hearsay.
> b. Trial counsel failed to object to the unconstitutional admission of the victim's fresh complaint evidence.
> c. Trial counsel failed to investigate the admission of material designated as confidential.
> d. Trial counsel failed to investigate the requirements to sustain a conviction for possession of a destructive device.
> e. Trial counsel failed to investigate inconsistent statements for impeachment.
> f. Trial counsel failed to object to hearsay lab testimony.
>
> 5. Petitioner was denied due process by failure of the PCR court to conduct an evidentiary hearing with factual and expert witnesses who could have offered exculpatory evidence demonstrating trial counsel was ineffective.

(*See generally* ECF Nos. 1, 1-2.) Respondents filed an answer asserting Petitioner's claims are unexhausted and meritless. (ECF No. 22.)

## II. LEGAL STANDARD

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270,

275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

## III. ANALYSIS

Here, it appears from the record submitted by Respondents that Petitioner did not raise each ground for relief in his habeas Petition to every level of the state court. It appears that Petitioner has failed to present several of the instant claims before any state court. The Court has extensively reviewed the lengthy record provided by Petitioner and Respondents here. The Court has reviewed all of Petitioner's *pro se* and counseled submissions on appeal in New Jersey state court, as well as the state court opinions in this matter. The Court finds Petitioner has failed to exhaust Ground One, Ground Two, subclaims b, d, e, f, i, j, k, l, n, and o, and Ground Three, subclaims a, d, and e.

It appears that Petitioner never raised Ground One- ineffective assistance of counsel due to a dispute regarding compensation before any state court. In Ground Two Petitioner argues trial counsel was ineffective for failing to investigate fifteen factual witnesses. (ECF No. 1-2 at 84-91.)

13

After an exhaustive review of the state court record, the Court finds that on appeal in state court, Petitioner only raised this claim regarding five potential witnesses- Regina Howard, Robert Andrews, Tina Raspe, Jean Willemain, and Mildred Quiles. On collateral appeal to the PCR court, Petitioner argued in his *pro se* PCR petition that trial counsel was ineffective for failing to investigate and summon potential witnesses such as Tracy Freeman, the stepmother of the victim, and Regina Howard, a therapist, and "others". (ECF No. 22-8 at 15.) In Petitioner's *pro se* supplemental PCR petition, Petitioner argued ineffective assistance of counsel for failing to call Robert Andrews, Tina Raspe, and Jean Willemain as witnesses. (ECF No. 22-10 at 4.) Counsel submitted a supplemental PCR brief, arguing trial counsel failed to adequately prepare for trial and failed to investigate the Division of Youth and Family Services investigation into allegations that the victim was sexually abused by Petitioner. (ECF No. 22-11 at 19-23.) The PCR court noted that Petitioner argued trial counsel was not properly prepared for trial and failed to interview "Division of Protection and Permanency [] (formally the Division of Youth and Family Services or DYFS) worker prior to trial." (ECF No. 22-13 at 12.) That worker was Mildred Quiles. (*See* ECF No. 22-16 at 25-26; *see also* ECF No. 22-36, at 110:10 to 112:1.) Petitioner has only exhausted his instant Ground Two regarding Regina Howard, Robert Andrews, Tina Raspe, Jean Willemain, and Mildred Quiles. It is insufficient that Petitioner argued in state court that trial counsel was ineffective for failing to investigate and summon potential witnesses. To exhaust a claim, the claim must be "fairly presented" to the state courts, which means the petitioner must "present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999). The "mere similarity of claims is insufficient to exhaust." *Keller v. Larkins*, 251 F.3d 408, 413–414 (3d Cir.2001) (quoting *Duncan v. Henry*, 513 U.S. 364, 366 (1995)). Petitioner failed to present

14

the state courts with the instant Ground Two regarding potential witnesses Jerilyn Carlson, Linda Heilman, Brian Butts, Cheryl Taylor, Monica Hart, Carole Hampton, Crimson Barroca, Debi Borcht, Crystal Jackson, and Karen Knauer.

In Ground Three, Petitioner argues trial counsel was ineffective for failing to call five potential expert witnesses. On collateral appeal to the PCR court, Petitioner argued trial counsel was ineffective for failing to hire an explosives expert and a medical expert. (ECF No. 22-10 at 3.) The Court has reviewed the state court records and finds Petitioner failed to raise Ground Three, subclaims a, d, and e- that trial counsel was ineffective for failing to investigate a potential psychological expert, computer expert, and amylase expert, on collateral appeal.

Thus, Ground One, Ground Two, subclaims b, d, e, f, i, j, k, l, n, and o, Ground Three, subclaims a, d, and e have not been exhausted in state court.

The Petition is therefore mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "[I]f a stay is not warranted, then the petitioner may elect to delete the unexhausted claims." *See Gould*, 2011 WL 6756920, at *3. "[I]f he does not delete

the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2)." *Id.* (internal citations omitted).

Petitioner's Ground One, Ground Two, subclaims b, d, e, f, i, j, k, l, n, and o, Ground Three, subclaims a, d, and e are unexhausted and this is a mixed petition. Therefore, Petitioner shall be given thirty (30) days from the date of this Memorandum Opinion to inform the Court whether he wishes to withdraw his unexhausted claims, Ground One, Ground Two, subclaims b, d, e, f, i, j, k, l, n, and o, Ground Three, subclaims a, d, and e or to request a stay pursuant to *Rhines* and return to state court to litigate these claims. If Petitioner chooses to request a stay, he must address the requirements of *Rhines* as they pertain to **every** unexhausted claim. Petitioner must specify how he meets the *Rhines* standard for each alleged potential factual and expert witness listed by Plaintiff.

## IV. CONCLUSION

For the reasons above, the Court will permit Petitioner **within 30 days** to submit a signed writing in which he either (i) elects to withdraw his unexhausted claims and have the Court rule on his remaining claims; or (ii) request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claims.[1] Any request by Petitioner for a stay pursuant to *Rhines* must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; and he did not engage in dilatory tactics. Failure to submit the signed writing within 30 days may result in a dismissal without prejudice of all of Petitioner's claim.

An appropriate Order accompanies this Memorandum Opinion.

Hon. Karen M. Williams,
**United States District Judge**

---

[1] The Court makes no determination whether Petitioner will meet the requirements for a stay.